RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 11/04/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| Michael Hamilton | DOCKET NO. 1:05 CV 1307 |
|---|---|
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| Winn Correctional Center, ET AL. | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **Michael Hamilton** ("Plaintiff"). Plaintiff is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in this action on September 1, 2005. [Rec. Doc. 5].

### Statement of the Case

Plaintiff alleges his State and Federal Due Process Rights were violated when the defendants illegally and unlawfully took away his accumulated good-time days without using the proper procedures. The Plaintiff is asking for a temporary restraining order, a preliminary injunction, and immediate full restoration of his good-time loss.

### Frivolity

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Under 28 U.S.C.

§1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### *Heck v. Humphrey*

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in *Clarke v. Stalder*, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, *Clarke v.*

*Stalder*, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction" does not accrue until that "conviction"[1] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Clarke*, 154 F.3d at 189; *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. *Heck*, 114 S.Ct. at 2372.

Moreover, claims challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable until the relevant "conviction" has been reversed, expunged, or otherwise declared invalid if a favorable judgment would "necessarily imply" the invalidity of the prisoner's

---

[1] Prison disciplinary actions are "convictions" for purposes of *Heck*. *Clarke*, 154 F.3d at 189.

"conviction" in the disciplinary proceeding. *Clarke*, 154 F.3d at 189-91 citing *Edwards*, 117 S.Ct. at 1588.

Until plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted. Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim should be dismissed with prejudice until the requirements of *Heck v. Humphrey*, supra, are met.[2]

Accordingly, Plaintiff's claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) until the *Heck* conditions are satisfied. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

---

[2] In *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 3rd day of November, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE